UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANDRA JO RICH, et al.,

    Plaintiffs,

v.                                                             Case No. 3:24cv385-TKW-HTC

UNITED STATES
OF AMERICA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

On August 23, 2024, Plaintiffs Chandra Jo Rich and David Eugene Rich filed a complaint against the United States of America and other federal agencies under the Suits in Admiralty Act. Doc. 1. However, upon review of the complaint, the undersigned concludes Plaintiffs' claims are barred by the statute of limitations. Thus, this case should be DISMISSED WITH PREJUDICE.[1]

Plaintiffs' complaint alleges that on August 25, 2020, they were operating their boat in Choctawhatchee Bay when they allided with an old channel marker, which resulted in them suffering injuries and their boat sinking. Doc. 1. Plaintiffs assert the allision was caused by the U.S. Army Corp of Engineers' failure to remove

---

[1] Despite orders from the Court, Plaintiffs have also failed to properly serve the Defendants and thus dismissal would also be appropriate under Fed. R. Civ. P. 4(m), which requires service within 90 days of the filing of the complaint, and for Plaintiffs' failure to follow this Court's orders.

the old channel marker and the U.S. Coast Guard's failure to maintain a channel marker light which would have illuminated the area.

Plaintiffs' claims are brought pursuant to the Suits in Admiralty Act ("SAA"). The SAA "provides a waiver of sovereign immunity and the sole jurisdictional basis for admiralty claims against the United States that do not involve public vessels." *Cranford v. United States*, 466 F.3d 955, 958 (11th Cir. 2006) (cleaned up). Actions under the SAA "must be brought within 2 years after the cause of action arose," 46 U.S.C. § 30905, and "the statute of limitations runs from the date of the injury," *McMahon v. United States*, 342 U.S. 25, 27 (1951).

Here, Plaintiffs' cause of action arose on August 25, 2020, when their boat allided with the old channel marker. Perhaps recognizing that fact, Plaintiffs, through counsel, brought identical SAA claims against the United States in N.D. Fla. Case No. 3:22cv16937-TKW-ZCB on August 25, 2022—exactly two years after Plaintiffs' boat accident. The Court granted Plaintiffs' counsel permission to withdraw on July 13, 2023, and Plaintiffs subsequently failed to prosecute and failed to comply with Court orders, resulting in the dismissal of that case on September 25, 2023.

This case was filed on August 23, 2024, nearly four years after the August 25, 2020 accident and well after the two-year statute of limitations expired. Plaintiffs have alleged no facts that indicate equitable tolling would apply to their claims.

Indeed, Plaintiffs' litigation history suggests a lack of diligence, which is necessary for equitable tolling. As stated above, Plaintiffs' first SAA action was dismissed due to their failure to prosecute and they failed to appeal that dismissal. They also waited nearly eleven months to refile their SAA claims. *See Raziano v. United States*, 999 F.2d 1539, 1541 (11th Cir. 1993) ("equitable tolling is inapplicable to 'late filings where the claimant failed to exercise due diligence in preserving his legal rights' or for 'what is at best a garden variety claim of excusable neglect'") (quoting *Irwin v. Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Also, the statute of limitations was not tolled while Case No. 3:22cv16937-TKW-ZCB was pending. *See Justice v. United States*, 6 F.3d 1474 (11th Cir. 1993) (affirming dismissal of second SAA action with prejudice and holding equitable tolling did not apply when a plaintiff filed a timely SAA action that was dismissed without prejudice due to his failure to prosecute and comply with an order of the court, and then refiled a new SAA action after expiration of the two-year statute of limitations). Thus, Plaintiffs' claims should be dismissed with prejudice because it is apparent from the face of the complaint that the claims are barred by the statute of limitations.[2] "The expiration of the statute of limitations is an affirmative defense

---

[2] Even if Plaintiffs' claims were not barred by the statute of limitations, they would nonetheless fail on their face because the Defendants' failure to maintain a channel marker light or remove an old channel marker is a discretionary function. *See Cranford*, 466 F.3d at 956 ("the marking of a submerged wreck and the refusal to remove it are discretionary decisions grounded in social, political, and economic policy"); *Jones v. United States*, 664 F. Supp. 3d 1311 (N.D. Ala. 2023) (discretionary-function exception to SAA's waiver of sovereign immunity applied to claim

the existence of which warrants a dismissal as frivolous." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.").

Accordingly, it is RECOMMENED:

1. That this case be DISMISSED WITH PREJUDICE.

2. That the Clerk close the file.

At Pensacola, Florida, this 7th day of January, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

government failed to mark, warn of, or remove duck blind); *Holmes v. Parker*, 2013 WL 831416, at *5 (S.D. Ga. Mar. 6, 2013) ("other courts have determined that the Coast Guard's decisions regarding how and when to maintain aids and how to prioritize repairs is a discretionary function"); *ARGUSEA LDC v. United States*, 622 F. Supp. 2d 1322, 1330 (S.D. Fla. 2008) ("[I]t is clear that the establishment, maintenance, and operation of aids to navigation are precisely the types of conduct and judgments that the discretionary function exception is designed to shield.").

Case No. 3:24cv385-TKW-HTC